1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP RICCIARDI,<br><br>    Plaintiff,<br>    v.<br><br>MICHAEL R. LYNCH, et al.<br><br>    Defendants,<br><br>    -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Nominal Defendant. | CASE NO. 12-CV-06003<br><br>**STIPULATION AND ORDER CONSOLIDATING SHAREHOLDER DERIVATIVE ACTIONS AND SETTING SCHEDULE FOR FILING OF A CONSOLIDATED COMPLAINT AND FURTHER PROCEEDINGS**<br><br>Judge:            Hon. Charles R. Breyer<br>Complaint Filed: November 26, 2012 |

[*Caption continues on following page.*]

---

**STIPULATION AND [PROPOSED] ORDER**                                                                     Page 1

✪
LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

| | |
|---|---|
| ERNESTO ESPINOZA, | **CASE NO. 12-CV-06025** |
| Plaintiff, | Judge: Hon. Charles R. Breyer |
| v. | Complaint Filed: November 27, 2012 |
| MICHAEL R. LYNCH, et al. | |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |
| ANDREA BASCHERI, et al, | **CASE NO. 12-CV-06091** |
| Plaintiffs, | Judge: Hon. Charles R. Breyer |
| v. | Complaint Filed: November 30, 2012 |
| LEO APOTHEKER, et al. | |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |
| MARTIN BERTISCH, | **CASE NO. 12-CV-06123** |
| Plaintiff, | Judge: Hon. Charles R. Breyer |
| v. | Complaint Filed: December 3, 2012 |
| LEO APOTHEKER, et al. | |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |

**STIPULATION AND [PROPOSED] ORDER**                                                            Page 2

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM,<br><br>                Plaintiff,<br>    v.<br><br>LEO APOTHEKER, et al.<br><br>                Defendants,<br><br>    -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>                Nominal Defendant. | **CASE NO. 12-CV-06416**<br><br>Judge:         Hon. Charles R. Breyer<br>Complaint Filed:  December 18, 2012 |
| JOSEPH TOLA,<br><br>                Plaintiff,<br>    v.<br><br>MICHAEL R. LYNCH, et al.<br><br>                Defendants,<br><br>    -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>                Nominal Defendant. | **CASE NO. 12-CV-06423**<br><br>Judge:         Hon. Charles R. Breyer<br>Complaint Filed:  December 18, 2012 |

| | |
|---|---|
| STANLEY MORRICAL,<br><br>                    Plaintiff,<br>     v.<br><br>MARGARET C. WHITMAN, et al.<br><br>                    Defendants,<br><br>     -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>                    Nominal Defendant. | **CASE NO. 12-CV-06434**<br><br>Judge:              Hon. Charles R. Breyer<br>Complaint Filed:   December 19, 2012 |

**STIPULATION AND [PROPOSED] ORDER**                                         Page 4

WHEREAS, the following seven actions are now pending in the Northern District of California (collectively, the "HP Derivative Actions"):

*Philip Riccardi v. Michael R. Lynch et al.*, Case No. 12-cv-06003-CRB

*Ernesto Espinoza v. Michael R. Lynch et al.*, Case No. 12-cv-06025-CRB

*Andrea Bascheri et al. v. Leo Apotheker et al.*, Case No. 12-cv-06091-CRB

*Martin Bertisch v. Leo Apotheker et al.*, Case No. 12-cv-06123-CRB

*City of Birmingham Retirement and Relief System v. Leo Apotheker et al.*, Case No. 12-cv-06416-CRB

*Joseph Tola v. Michael R. Lynch et al.*, Case No. 12-cv-06423-CRB

*Stanley Morrical v. Margaret C. Whitman et al.*, Case No. 12-cv-06434-CRB;

WHEREAS, the seven HP Derivative Actions are styled as shareholder derivative actions on behalf of Nominal Defendant Hewlett-Packard Company ("HP"), and each asserts claims that arise from or relate to HP's acquisition of Autonomy Corporation PLC in 2011;

WHEREAS, the Court determined by order entered January 3, 2013 in the earlier-filed action entitled *Nicolow v. Hewlett-Packard Co.*, Case No. 12-cv-05980-CRB, that each of the seven HP Derivative Actions identified above are related pursuant to Local Rule 3-12(a), and all have been assigned to the Honorable Charles R. Breyer;[1]

WHEREAS, the HP Derivative Actions identified above all arise out of the same transactions and occurrences and involve the same or substantially similar issues of law and facts, and, therefore, should be consolidated for all purposes under Fed. R. Civ. P. 42(a);

---

[1] The Court's January 3, 2013 Order determined that ten pending actions are related to the earliest-filed case, which is a putative securities class action captioned *Nicolow v. Hewlett-Packard Co.*, Case No. 12-cv-05980-CRB ("*Nicolow*"). The pending actions related to *Nicolow* consist of (i) the seven HP Derivative Actions that are the subject of this Stipulation; (ii) a putative securities class action captioned *Pokoik v. Hewlett-Packard Co.*, Case No. 12-cv-06074-CRB ("*Pokoik*"); (iii) an ERISA action captioned *Laffen v. Hewlett-Packard Co.*, Case No. 12-cv-06199-CRB ("*Laffen*"); and (iv) an ERISA action captioned *Lustig v. Whitman*, Case No. 12-cv-06410-CRB ("*Lustig*"). The *Nicolow*, *Pokoik*, *Laffen*, and *Lustig* actions are not styled as shareholder derivative actions on behalf of HP and are not subject to this Stipulation.

1 WHEREAS, counsel for plaintiffs in the above referenced actions have met and 2 conferred and have agreed to a schedule for filing a motion for lead plaintiff and lead counsel;

3 WHEREAS, counsel for plaintiffs, nominal defendant HP, and the undersigned 4 defendants have met and conferred and have agreed to a schedule for filing a consolidated 5 complaint following the appointment of lead plaintiff and lead counsel;

6 WHEREAS, counsel for plaintiffs, nominal defendant HP, and the undersigned 7 defendants have met and conferred and have agreed that no answers, motions, or other responses 8 to the complaints ("Responses") need be filed in the HP Derivative Actions by HP or by any 9 other defendant until after the appointment of lead plaintiff and lead counsel and the filing of a 10 consolidated complaint or designation of an operative complaint, as provided below;

11 WHEREAS, counsel for plaintiffs, nominal defendant HP, and the undersigned 12 defendants have met and conferred and have agreed to a schedule setting a date for Responses to 13 the consolidated complaint and a briefing schedule for any motions filed in response to the 14 consolidated complaint unless otherwise ordered by the Court pursuant to motion or stipulation;

15 WHEREAS, counsel for nominal defendant HP has raised with plaintiffs' counsel issues 16 regarding a potential stay pending determination of motions to dismiss in related class actions 17 and staged briefing of motions in this action and will seek to meet and confer with the parties on 18 these subjects regarding a potential stipulation and/or motion schedule following the 19 appointment of lead plaintiff and lead counsel.

20 WHEREAS, the agreed-upon schedule is not for the purpose of delay, promotes judicial 21 efficiency, and will not cause prejudice to any party,

22 NOW, THEREFORE, IT IS STIPULATED AND AGREED by plaintiffs and all 23 defendants who have appeared in the HP Derivative Action, by and through their undersigned 24 respective counsel of record, as follows:

25 **I.     CONSOLIDATION OF ACTIONS**

26 1.     The seven HP Derivative Actions identified above are hereby consolidated for all 27 purposes, including pretrial proceedings, trial, and appeal.

28

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**STIPULATION AND [PROPOSED] ORDER**                                                6

2. The caption of these consolidated actions shall be "In re Hewlett-Packard Company Shareholder Derivative Litigation" and the files of these consolidated actions shall be maintained in one master file to be set by the Court.  Thereafter, all cases of the original HP Derivative Action case files shall be closed except for the Master Docket C-12-6003CRB.

3. Any other actions or claims filed in or removed or transferred to this Court after the date of this Stipulation that (i) are styled as shareholder derivative actions or claims brought on behalf of nominal defendant HP; and (ii) assert claims that arise from or relate to HP's acquisition of Autonomy Corporation PLC in 2011; and (iii) arise out of the same transactions and occurrences and involve the same or substantially similar issues of law and facts as the HP Derivative Actions, shall automatically be consolidated for all purposes, if and when they are brought to the Court's attention, together with *In re Hewlett-Packard Company Shareholder Derivative Litigation*, and the clerk shall close the file for any such later-filed actions.

4. Every pleading filed in the consolidated actions, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SHAREHOLDER DERIVATIVE LITIGATION | MASTER DOCKET NO.   C-12-6003 CRB |

_____

THIS DOCUMENT RELATES TO:

_____

5. When a pleading or other filing is intended to be applicable to all actions, the words "All Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above.  When a pleading or other filing is intended to be applicable to less than all actions, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption described above.

6. When a case or claim that properly belongs as part of *In re Hewlett-Packard Company Shareholder Derivative Litigation* is filed in this Court or transferred or removed to this Court from another court and assigned to Judge Breyer, then following the filing of notice by any party to such action or by a party to *In re Hewlett-Packard Company Shareholder Derivative Litigation* in such other action and this consolidated action, and service of such notice upon all parties that have appeared in the affected actions, the clerk of this Court shall:

(a) Place a copy of this Order in the separate file for such action;

(b) Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order and direct that this Order be served upon or mailed to any new defendant(s) or their counsel in the newly filed or transferred case;

(c) Make an appropriate entry on the Master Docket. Counsel recognizes that this Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case which properly might be consolidated as part of *In re Hewlett-Packard Company Shareholder Derivative Litigation*; and

(d) Close the separate file for such action.

7. Counsel for the Defendants signing this Stipulation hereby certify that: (i) service of process has previously been effected or waived with respect to their clients as identified on their signature lines below; or (ii) to the extent their clients have not otherwise been served with process or appeared, counsel for the Defendants signing this Stipulation are authorized to and hereby do waive service of process on behalf of their clients identified below, provided that such waiver of service and the entry into this Stipulation shall not be deemed a waiver of any rights or defenses of any kind, including but not limited to the ability to assert the defense of lack of personal jurisdiction, all of which rights and defenses are expressly reserved.

8. Filing of documents via the Court's ECF system shall be deemed to satisfy the service requirement as to all parties who have appeared in the action and whose counsel receive ECF notices electronically. All attorneys of record in *In re Hewlett-Packard Company Shareholder Derivative Litigation* must register for ECF and must file an appearance through the ECF system. Any attorneys who have been admitted *pro hac vice* in any of the HP Derivative

Actions shall also be deemed admitted in *In re Hewlett-Packard Company Shareholder Derivative Litigation* pursuant to the same conditions and requirements. No separate service of documents is required on any party who has appeared in the action but is not registered for ECF.

9. The terms of this Order shall not have the effect of making any person or entity a party to any action in which he, she, or it has not been named and properly served in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation and coordination ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

## II. SCHEDULE

### A. Motions for Lead Plaintiff and Lead Counsel

10. The following dates shall be in effect for motions for lead plaintiff/counsel in the consolidated action:

| Date | Event |
|---|---|
| January 25, 2013: | Last Day to File Motions For Lead Plaintiff and Lead Counsel |
| February 8, 2013: | Last Day to File Oppositions to Motions For Lead Plaintiff and Lead Counsel |
| February 15, 2013: | Last Day to File Replies To Any Opposition to Motions For Lead Plaintiff and Lead Counsel |
| March 1, 2013: | Hearing on Motions for Lead Plaintiff and Lead Counsel |

### B. Existing Complaints

11. The parties named as defendants in the pending complaints in the HP Derivative Actions, including HP (collectively, "Defendants"), shall not be required to answer, file motions, or otherwise take any action in response to any of the complaints currently on file in any of the HP Derivative Actions. The time for such Defendants' answers, motions, or other responses shall be determined as specified in Paragraph 14 below, following the filing of a consolidated complaint or designation of an operative complaint, or as the Court hereafter may order. In the event additional actions are subsequently consolidated into *In re Hewlett-Packard Company Shareholder Derivative Litigation*, the parties named as defendants in the complaints in such additional actions shall not be required to answer, file motions, or otherwise take any action in

response to such complaints until the time specified in Paragraph 14 or as otherwise specified by the Court. No Defendant shall be deemed to have submitted to the jurisdiction of this Court or to have waived or otherwise relinquished any rights, arguments, or defenses of any kind by not filing an answer, motion or other response to any complaint in the consolidated action prior to the date specified in Paragraph 14 below or other order of the Court. Pursuant to Local Rule 6-1(a), this paragraph of this Stipulation shall be effective upon its filing with the Court.

### C.   Filing of a Consolidated Complaint

12.   Lead plaintiff shall, within sixty (60) days following the entry and filing of the Court's order selecting a lead plaintiff and lead counsel, serve and file a consolidated amended complaint or designate a previously-filed complaint as the operative complaint (the "Consolidated Complaint"), which will supersede all existing complaints filed in the HP Derivative Actions and any other action that may be consolidated herewith. To the extent any defendant now named in any of the HP Derivative Actions is not named in the Consolidated Complaint, the claims against such defendant shall be deemed dismissed without prejudice. Service shall be effected with respect to any named defendant by serving the Consolidated Complaint on that defendant's counsel, unless such defendant has not previously been served or appeared, in which case service shall be affected according to the Federal Rules of Civil Procedure.

13.   After the appointment of lead plaintiff and lead counsel, the parties shall submit to the Court any stipulations that may be reached relating to HP's suggestions of a stay and/or the staging of responses to the Consolidated Complaint within ten (10) days after the filing of the Consolidated Complaint. If the parties do not otherwise stipulate and any party seeks to alter or modify the schedule for Responses established in Paragraph 14, such party shall file an appropriate motion with the Court seeking such relief.

14.   Unless the Court otherwise orders pursuant to stipulation, motion, or for any other reason, Defendants shall file their Responses to the Consolidated Complaint within sixty (60) days following the filing of the Consolidated Complaint (provided, however, that the time prescribed by the Federal Rules of Civil Procedure shall control to the extent those Rules provide

for a later response date as to any Defendant who has not been served, waived service, or appeared in the action at the time of this Stipulation). In the event that Defendants file any motions directed at the Consolidated Complaint, the opposition brief shall be filed within sixty (60) days of the motions and the reply briefs shall be filed within thirty (30) days thereafter. This stipulation is without prejudice to any party's right to move to continue any response(s) to the Consolidated Complaint pursuant to the federal and local rules.

**IT IS SO STIPULATED.**

DATED:  February 14, 2013              **COTCHETT, PITRE & McCARTHY, LLP**

                                        By:        /s/ Matthew K. Edling
                                              MATTHEW K. EDLING

                                        JOSEPH W. COTCHETT (Cal. SBN 36324)
                                        MARK C. MOLUMPHY (Cal. SBN 168009)
                                        NANCI E. NISHIMURA (Cal. SBN 152621)
                                        ARON K. LIANG (Cal. SBN 228936)
                                        MATTHEW K. EDLING (Cal. SBN: 250940)
                                        San Francisco Airport Office Center
                                        840 Malcolm Road, Suite 200
                                        Burlingame, CA 94010
                                        Tel:    (650) 697-6000
                                        Fax:   (650) 697-0577
                                        jcotchett@cpmlegal.com
                                        mmolumphy@cpmlegal.com
                                        nnishimura@cpmlegal.com
                                        aliang@cpmlegal.com
                                        medling@cpmlegal.com

                                        *Attorneys for Plaintiff Stanley Morrical*

| | | |
|---|---|---|
| 1 | DATED:  February 14, 2013 | **BOTTINI & BOTTINI, INC.** |
| 2 | | |
| 3 | | By:       /s/ Francis A. Bottini, Jr.       <br>            FRANCIS A. BOTTINI, JR. |
| 4 | | |
| 5 | | 7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037 |
| 6 | | Tel:    (858) 914-2001 |
| 7 | | Fax:    (858) 914-2002<br>fbottini@bottinilaw.com |
| 8 | | |
| 9 | | *Attorneys for Plaintiff Andrea Bascheri and Jim Chung* |

1  DATED:  February 14, 2013          **FINKELSTEIN THOMPSON LLP**

By:        /s/ Rosemary M. Rivas
      ROSEMARY M. RIVAS

505 Montgomery Street, Suite 300
San Francisco, CA 94111
Tel:    (415) 398-8700
Fax:    (415) 398-8704
rrivas@finkelsteinthompson.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Tel:    (215) 864-2800
Fax:    (215) 864-2810
bclobes@caffertyclobes.com

Anthony F. Fata
30 N. LaSalle Street, Suite 3200
Chicago, Illinois 60606
Tel: 312.782.4880
Fax: 312.782.4485
afata@caffertyclobes.com

*Attorneys for Plaintiff Joseph Tola*

---

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**STIPULATION AND [PROPOSED] ORDER**                                          13

DATED:  February 14, 2013          **JOHNSON & WEAVER, LLP**

By:  _____/s/ Brett M. Weaver_____
         BRETT M. WEAVER

Brett M. Weaver
110 West "A" Street, Suite 750
San Diego, CA 92101
Tel:    (619) 230-0063
Fax:   (619) 255-1856
brettw@johnsonandweaver.com

*Attorneys for Plaintiff Martin Bertisch*

| | | |
|---|---|---|
| 1 | DATED:  February 14, 2013 | **ROBBINS ARROYO LLP** |

By:     /s/ Shane P. Sanders
           SHANE P. SANDERS

Brian J. Robbins
Felipe J. Arroyo
Shane P. Sanders
Kevin S. Kim
600 B Street
San Diego, CA 92101
Tel:    (619) 525-3990
Fax:    (619) 525-3991
brobbins@robbinsarroyo.com
farroyo@ robbinsarroyo.com
ssanders@ robbinsarroyo.com
kkim@ robbinsarroyo.com

*Attorneys for Plaintiff Philip Riccardi, Ernesto Espinoza, and the City of Birmingham Retirement and Relief System*

**SAXENA WHITE P.A.**
Joseph E. White, III
Lester R. Hooker
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel:    (561) 394-3399
Fax:    (561) 394-3382
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Attorneys for Plaintiff City of Birmingham Retirement and Relief System*

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**STIPULATION AND [PROPOSED] ORDER**                                                                                                            15

| | | |
|---|---|---|
| 1 | DATED:  February 14, 2013 | **MORGAN, LEWIS & BOCKIUS LLP** |
| 2 | | |
| 3 | | By:      /s/ Joseph E. Floren       <br>           JOSEPH E. FLOREN |
| 4 | | |
| 5 | | JOSEPH E. FLOREN, State Bar No. 168292<br>CHRISTOPHER J. BANKS, State Bar No. 218779 |
| 6 | | KIM ALEXANDER KANE, State Bar No. 226896<br>MATTHEW S. WEILER, State Bar No. 236052 |
| 7 | | One Market Street, Spear Street Tower<br>San Francisco, CA 94105-1126 |
| 8 | | Tel: 415.442.1000 / Fax: 415.442.1001<br>jfloren@morganlewis.com |
| 9 | | cbanks@morganlewis.com<br>kkane@morganlewis.com |
| 10 | | mweiler@morganlewis.com |
| 11 | | |
| 12 | | MARC J. SONNENFELD (adm. *pro hac vice*)<br>KAREN PIESLAK POHLMANN (adm. *pro hac vice*) |
| 13 | | 1701 Market Street<br>Philadelphia, PA 19103-2921 |
| 14 | | Tel: 215.963.5000 / Fax: 215.963.5001<br>msonnenfeld@morganlewis.com |
| 15 | | kpohlmann@morganlewis.com |
| 16 | | |
| 17 | | *Attorneys for Nominal Defendant*<br>*Hewlett-Packard Company* |

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**STIPULATION AND [PROPOSED] ORDER**                                                              16

| | | |
|---|---|---|
| 1 | DATED: February 14, 2013 | **SKADDEN ARPS SLATE MEAGHER & FLOM LLP** |
| 2 | | |
| 3 | | By:    /s/ Timothy A. Miller    <br>         TIMOTHY A. MILLER |

Allen J. Ruby
Timothy A. Miller
Richard S. Horvath, Jr.
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Tel:   (650) 470-4519
Fax:   (650) 798-6602
Allen.Ruby@skadden.com
Timothy.Miller@skadden.com
Richard.Horvath@skadden.com

*Attorneys for Defendants Marc L. Andreessen, Lawrence T. Babbio, Jr., Sari M. Baldauf, Shumeet Banerji, Rajiv L. Gupta, John H. Hammergren, Raymond J. Lane, Ann M. Livermore, Gary M. Reiner Patricia F. Russo, Dominique Senequier, G. Kennedy Thompson, and Ralph V. Whitworth*

DATED: February 14, 2013             **WILSON SONSINI GOODRICH & ROSATI, P.C.**

BY:    /s/ Steven M. Schatz    
         STEVEN M. SCHATZ

Katherine L. Henderson
Bryan J. Kertroser
Brian Danitz
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel:   (650) 493-9300
Fax:   (650) 565-5100
sschatz@wsgr.com
khenderson@wsgr.com
bketroser@wsgr.com
bdanitz@wsgr.com

*Attorneys for Defendant Catherine A. Lesjak*

| | | |
|---|---|---|
| DATED: January 14, 2013 | | **FENWICK & WEST LLP** |
| | BY: | /s/ Kevin P. Muck |
| | | KEVIN P. MUCK |

Marie C. Bafus
Tahir I. Golden
555 California Street, 12th Floor
San Francisco, CA 94104
Tel:   (415) 875-2300
Fax:   (415) 281-1350
kmuck@fenwick.com
mbafus@fenwick.com
tgolden@fenwick.com

*Attorneys for Defendant James T. Murrin*

DATED: February 14, 2013    **COOLEY LLP**

BY:    /s/ John C. Dwyer
       JOHN C. DWYER

STEPHEN C. NEAL (SBN 170085)
JOHN C. DWYER (SBN 136533)
JEFFREY M. KABAN (SBN 235743)
JEFFREY M. WALKER (SBN 280505)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Tel:   (650) 843-5000
Fax:   (650) 849-7400
nealsc@cooley.com
dwyerjc@cooley.com
jkaban@cooley.com
jwalker@cooley.com

*Attorneys For Defendant Margaret C. Whitman*

**STIPULATION AND [PROPOSED] ORDER**    18

| | | |
|---|---|---|
| 1 | DATED:  February 14, 2013 | **SHEARMAN & STERLING LLP** |
| 2 | | BY:  /s/ Patrick D. Robbins |
| 3 | | PATRICK D. ROBBINS |

Patrick D. Robbins
Audrey A. Barron
Four Embarcadero Center, Suite 3800
San Francisco, CA  94111-5994
Tel:   (415) 616-1100
Fax:   (415) 616-1199
probbins@shearman.com
audrey.barron@shearman.com

Alan Goudiss
Sara Ricciardi
599 Lexington Avenue
New York, NY  10022-6069
Tel:   (212) 848-4000
Fax:   (212) 848-7179
agoudiss@shearman.com
sara.ricciardi@shearman.com

*Attorneys for Defendant Perella Weinberg Partners LP and Perella Weinberg Partners UK LLP*

| | |
|---|---|
| DATED: February 14, 2013 | **WILLIAMS & CONNOLLY LLP** |
| | BY:     /s/ Steven M. Farina<br>STEVEN M. FARINA |
| | Steven M. Farina<br>Sarah Lynn Lochner<br>725 12th Street, N.W.<br>Washington, D.C. 20005<br>Tel: (202) 434-5000<br>Fax: (202) 434-5029<br>sfarina@wc.com<br>slochner@wc.com |
| | *Attorneys for Defendant KPMG LLP* |

I, Joseph E. Floren, am the ECF User whose ID and password are being used to file this Stipulation And [Proposed] Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Executed this 14th day of February 2013 at San Francisco, California.

                                                /s/ Joseph E. Floren<br>
                                              JOSEPH E. FLOREN

## **O R D E R**

Based on the foregoing stipulation of the parties, and good cause appearing,

**IT IS SO ORDERED.**

DATED: February 19, 2013

                               THE HONORABLE CHARLES R. BREYER<br>
                               JUDGE OF THE UNITED STATES DISTRICT COURT

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED / Judge Charles R. Breyer]

DB1/ 73146223.1